Gilberto **HERNANDEZ–GONZALEZ,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 05–75070.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed May 24, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert E. Sims, Xochitl D. Arteaga, Esq., Latham & Watkins, LLP, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Tara Leigh Grove, U.S. Department of Justice, Civil Division/Appellate, Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Gilberto Hernandez–Gonzalez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which dismissed his appeal of the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, see Navas v. INS, 217 F.3d 646, 657 (9th Cir.2000), and we deny in part, grant in part, and remand.

We reject Hernandez–Gonzalez's contention that the IJ and BIA were biased in their adjudication of his asylum and withholding of removal claims. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) ("To prevail on a due process challenge ... [a petitioner] must show error and substantial prejudice."). We deny Hernandez–Gonzalez's related request for judicial notice.

■ Substantial evidence does not support the IJ's adverse credibility determination because it is based on: improper speculation and conjecture regarding the implausibility of Hernandez–Gonzalez receiving death threats over a ten-year period, without the threats being carried out, see Shah v. INS, 220 F.3d 1062, 1071 (9th Cir.2000); an omission of an incident in his application that does not serve as a basis

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for a credibility finding, *see Aguilera–Cota v. INS,* 914 F.2d 1375, 1382 (9th Cir.1990); and minor inconsistencies about dates, *see Bandari v. INS,* 227 F.3d 1160, 1166 (9th Cir.2000).

██ Because the harm that Hernandez–Gonzalez and his family suffered began only after he became politically active in his town, substantial evidence does not support the IJ's and BIA's finding that Hernandez–Gonzalez failed to establish a nexus to a protected ground. *See Navas,* 217 F.3d at 658–59.

██ The IJ also found that, to the extent that the harm that Hernandez–Gonzalez and his family experienced was on account of his political opinion, Hernandez–Gonzalez could relocate. Because the IJ did not consider past persecution fully, *see Deloso v. Ashcroft,* 393 F.3d 858, 865–66 (9th Cir.2005), and because the IJ did not consider the reasonableness of relocation, this finding is not supported by substantial evidence, *see Melkonian v. Ashcroft,* 320 F.3d 1061, 1070 (9th Cir.2003).

Because Hernandez–Gonzalez did not raise the issue of CAT in his opening brief, he has waived this claim, and we decline to review it. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

Therefore, we grant the petition with respect to Hernandez–Gonzalez's asylum and withholding of removal claims, and remand to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

We grant the motion to substitute the reply brief.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**PETITION FOR REVIEW DENIED in part; GRANTED in part and RE-MANDED.**